UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SINA ESMAELI | DOCKET NO. 6:25-cv-0284 |
| | SECTION P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| OFFICER TEJADA, ET AL | MAGISTRATE JUDGE AYO |

## MEMORANDUM ORDER

Before the court is a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389-98 (1971) by Sina Esmaeli, who is proceeding *pro se* and *in forma pauperis* in this matter. Plaintiff is currently incarcerated at the LaSalle ICE Processing Center in Trout, Louisiana. His claims of excessive force by prison officials from the ICE Processing Center in El Paso, Texas, arise out of an incident that allegedly occurred at the El Paso Behavioral Health System in El Paso, Texas.

### I.   BACKGROUND

Plaintiff filed this civil rights suit alleging assault by two officers from the ICE Processing Center in El Paso, Texas. Rec. Doc. 4 at p. 3. The assault occurred in a hallway at the El Paso Behavioral Health System in El Paso, Texas. *Id.* Plaintiff was subsequently transferred to the LaSalle ICE Processing Center in Trout, Louisiana, where he is currently incarcerated and from where he initiated the instant suit.

### II.   LAW & ANALYSIS

Venue for a *Bivens* claim is determined by 28 U.S.C. § 1391(b), which provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if

there is no district in which the action may otherwise be brought." *Stafford v. Briggs*, 444 U.S. 527, 544 (1980).

To the extent that Plaintiff has pleaded sufficient facts to warrant further screening of his *Bivens* claim, such review should be done in the proper venue. A district court may, upon its own motion, transfer any civil action to any other district or division where the claim might have been brought, for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. §§ 1404 and 1406. The El Paso ICE Processing Facility and the El Paso Behavioral Health System are located in El Paso, Texas, which is located within the Western District of Texas. The Court finds that Plaintiff's excessive force claims against Officers Tejada and Bottion should be transferred to the United States District Court for the Western District of Texas.

### III.   CONCLUSION

For the reasons stated above, this matter, which arose in El Paso, Texas, located in the judicial district of the United States District Court, Western District of Texas, should be transferred to the United States District Court for Western District of Texas.

Accordingly,

**IT IS ORDERED** that the instant matter be transferred to the United States District Court for the Western District of Texas.

THUS DONE AND SIGNED in chambers this 13th day of May, 2025.

_____
David J. Ayo
United States Magistrate Judge